JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division
NATALIE K. WIGHT (ORSBN 35576)
Special Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, CA 94102
    Telephone: 415.436.6937
    Facsimile: 415.436.7234
    Email: natalie.wight@usdoj.gov

Attorneys for United States of America

ROBERT J. BELES (CSBN 41993)
PAUL McCARTHY (CSBN 139497)
    One Kaiser Plaza, Suite 2300
    Oakland, CA 94612
    Telephone: 510.836.0100
    Facsimile: 510.832.3690
    Email: pablito@lmi.net

Attorneys for Claimant, Todd Growney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ONE DELL INSPIRON COMPUTER (SERIAL NO. 6VHBGD1) AND VISUAL DEPICTIONS ON THE HARD DRIVE,<br><br>    Defendants. | No. 09-CV-3174-MMC<br><br>JOINT CMC STATEMENT AND [PROPOSED] ORDER TO POSTPONE CMC<br><br>AND ORDER CONTINUING CASE MANAGEMENT CONFERENCE |

**I.    Jurisdiction**

This Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355; and Title 18, United States Code, Sections 2253 and 2254.

**II.    Case Description**

This is a civil forfeiture action. The government contends there is sufficient evidence to show the defendant laptop and visual depictions were used or intended to be used to promote, or

are traceable to, the commission of an offense involving a visual depiction described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B or 2260, found in Chapter 110, Sexual Exploitation and Other Abuse of Children, and are thus subject to forfeiture.

Claimant, Todd Growney, denies the claim made by the United States and asserts that the government has failed to state a claim upon which relief can be granted and that the property was seized in violation of Mr. Growney's right to be free from unlawful searches and seizures.

### III. Service/Parties to the Action

All persons known to have an interest in the defendant property have been served, including Todd William Growney and his attorney Robert J. Beles. Mr. Beles filed a verified claim and answer for the defendant laptop on behalf of Mr. Growney on August 14, 2009, and September 2, 2009, respectively. To date, no other claims have been filed.

### IV. Principal Factual and Legal Issues

The principal factual and legal issues in dispute are: (1) whether claimant Todd William Growney can prove that the government failed to state a claim upon which relief can be granted or that the defendant property was seized in violation of claimant's right to be free from unlawful searches and seizures; and (2) whether the government can establish by a preponderance of the evidence that the defendant laptop and visual depictions were used or intended to be used to promote, or are traceable to, the commission of an offense involving a visual depiction described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B or 2260, found in Chapter 110, Sexual Exploitation and Other Abuse of Children.

### V. Anticipated Motions

There is currently an open criminal investigation related to the seizure of Mr. Growney's laptop computer; therefore, whether the government decides to file a criminal indictment against Mr. Growney, will determine if he files a motion to stay the civil forfeiture proceedings. The government would have no opposition to a motion to stay.

### VI. Relief/Damages

The government seeks a judgment of forfeiture of the defendant laptop and visual depictions. Claimant seeks return of the defendant laptop. This is not a damages case.

**VII.	Settlement**

The parties are unable to fully engage in settlement discussions until the issues concerning the potential criminal action and civil motion to stay are resolved.

**VIII.	Discovery**

Both parties anticipate to propound some discovery in this case (interrogatories, document requests and possible depositions); however, the discovery time line will be determined by the Court and the possible request for a stay pending the results of the open criminal investigation related to the seizure of the defendant laptop.  The parties suggest postponing the case management conference, and setting up a status report due in 90 days to set any dates related to motions, trial and the completion of discovery.

**IX.	Alternative Means of Disposition**

At this time the parties do not request reference to arbitration or to a United States Magistrate Judge for trial.

**X.	Pretrial/Trial Issues**

At this time the parties have not yet discussed any trial issues.

**XI.	Class Action**

This is not a class action.

**XII.	Related Cases**

At this time no related cases have been filed.

IT IS SO STIPULATED.

Dated: November 5, 2009           /s/
                                  NATALIE K. WIGHT
                                  Special Assistant United States Attorney

Dated: November 5, 2009           /s/
                                  ROBERT J. BELES
                                  Attorney for Claimant Todd Growney

[PROPOSED] ORDER

Upon stipulation of counsel, and for good cause shown, the case management conference scheduled for November 13, 2009, at 10:30 a.m. is vacated, and

Is hereby rescheduled for __February 12, 2010_____, with an updated case management conference status report due to the court _no later than February 5, 2010____.

IT IS HEREBY ORDERED.

DATED: _November 6, 2009_     _[signature] Maxine M. Chesney_
                              HONORABLE MAXINE M. CHESNEY
                              United States District Judge